**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**



| | | |
|---|---|---|
| ALI YAZDCHI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-15-121 |
| | § | |
| JP MORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |
| ------------------------------------------------------- | § | |
| | § | |
| JP MORGAN CHASE BANK, N.A., | § | |
| | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| WILLIAM E. RYAN, | § | |
| | § | |
| Third-Party Defendant. | § | |

**MEMORANDUM AND ORDER GRANTING CHASE'S MOTION TO RECONSIDER
AND VACATING REMAND ORDER**

The plaintiff, Ali Yazdchi, sued JPMorgan Chase Bank, N.A. Yazdchi filed the suit from

the Texas state prison where he is serving a lengthy sentence for his latest conviction, this one for

fraud. He alleged that Chase breached its duties to him by allowing his attorney, William Ryan,

access to his safe deposit box. Ryan had a power of attorney bearing Yazdchi's signature and

presented Chase with documents stating that he had authority to act on Yazdchi's behalf. (Docket

Entry No. 18, Ex. 1, Ryan Decl. at ¶ 6-7 and Ex. B). Yazdchi alleged that the box had contained

cash that Ryan took. Yazdchi sued Chase in Texas state court and Chase timely removed based on

diversity jurisdiction. (Docket Entry No. 1). Chase is an Ohio citizen and Ali Yazdchi is a Texas

citizen. (Docket Entry No. 1 at ¶ 3; Ex. B at 1). In January 2015, Chase filed a third-party

complaint against Ryan, who also was a Texas citizen, (Docket Entry No. 4 at ¶ 6), but Yazdchi did not assert claims against Ryan while the case was in federal court.  (Docket Entry No. 1; Ex. B).

In December 2015, this court granted Chase's motion for summary judgment and entered final judgment dismissing Yazdchi's claims against Chase.  (Docket Entries No. 31, 32).  After unsuccessfully moving for a new trial, Yazdchi moved to vacate the final judgment and remand the case to state court.  (Docket Entry No. 34, 41).  This court denied the motions on April 11, 2016.  (Docket Entry No. 44).  Later that day, Yazdchi filed his notice of appeal from the final judgment.  (Docket Entry No. 45).  On April 14, 2016, Yazdchi moved for reconsideration of the order denying remand.  (Docket Entries No. 50).  In June 2016, this court granted Yazdchi's motion to reconsider and to remand in what it now recognizes as a flawed and incorrect ruling.  (Docket Entry No. 53).  Chase promptly moved for reconsideration, and Yazdchi responded.  (Docket Entries No. 55, 57, 59).

Based on the motion, response, and reply; the record; and the applicable law, the court grants Chase's motion for reconsideration.  This remand order is vacated and the final judgment against Yazdchi is reinstated.

The reasons are explained below.

## I.    The Legal Standard for Granting a Motion for Reconsideration

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration.").  A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  A Rule 59(e) motion "'must clearly establish either a

manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). A motion to reconsider may not be used to relitigate matters or to raise arguments or present evidence that could have been raised before the entry of the judgment or order. 11 WRIGHT & MILLER § 2810.1 at 127–28 (footnotes omitted).

## II.    Analysis

### A.    The Removal Statute:  Sections 1447(c) and (d)

Yazdchi relies on § 1447(d) of the removal statute, which states:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d). "This statute generally precludes review of a remand order if the remand is for lack of subject-matter jurisdiction or for defects in the removal procedure." *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1007 (4th Cir. 2014) (citing *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 229, 234 (2007). Generally, "a district court may not review—pursuant to a motion for reconsideration—an order remanding a case for lack of diversity jurisdiction, even in the face of evidence of fraudulent joinder." *Id.* "This strict treatment serves the purposes of comity and judicial economy, as an action must not ricochet back and forth depending upon the most recent

determination of a federal court." *Id.* (quotations omitted).

This prohibition, however, applies only to the "review of remand orders authorized by 28 U.S.C. § 1447(c)" of the removal statute. *Hays Cty. Guardian v. Supple*, 969 F.2d 111, 124 (5th Cir. 1992); *see also In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991). Section 1447(c) states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). If, as here, a district court wrongly remands based on a perceived lack of subject-matter jurisdiction after the court has entered final judgment, the remand order is not one "authorized by § 1447(c)" and is subject to the court's reconsideration. *Hays Cty.*, 969 F.2d at 124.

Months after this court granted Chase's summary-judgment motion and entered final judgment dismissing Yazdchi's claims with prejudice, Yazdchi moved to remand and then for reconsideration of the court's order denying that motion. The remand order granting those motions, the subject of Chase's present motion to reconsider, was not one "authorized by § 1447(c)." This court has the authority to reconsider and vacate its remand order and now grants the motion to do so.

Yazdchi cites *Barlow v. Colgate Palmolive Co.*, 750 F.3d 437, 440 (4th Cir. 2014), to support his argument that this court lacked the authority to review the remand order. That case is distinguishable. The remand in that case was one "authorized under § 1447." The district court issued the remand order before entering final judgment dismissing the case for lack of subject-matter jurisdiction. After remand, the defendants moved for relief under Rule 11 of the Federal Rules of Civil Procedure, requesting sanctions for the plaintiff's attorney's misrepresentation of the facts pertaining to the fraudulent joinder of the non-diverse defendant, and under Rule 60(b)(3). *Barlow*,

4

750 F.3d 437, 441.  The Fourth Circuit issued an en banc opinion holding that the district court erred when it refused to vacate the previously entered remand order.  *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1010-11 (4th Cir. 2014) (en banc).  The court held that § 1447(d)'s prohibition on reviewing a remand order did not deprive the district court of the authority to vacate the remand order under Rule 11 and Rule 60(b)(3) based on the "contaminated process" used to obtain remand.  *Id*.

As explained below, this court's June 2016 order granting Yazdchi's motion to reconsider and remand was wrong in ways that present separate bases for reconsidering and vacating it.  The ways in which the court erred and how it rectifies those errors are set out below.

### B.        Errors in Ordering Remand

Chase correctly argues that this court erred in its June 2016 order remanding the case because that order issued after Yazdchi had filed a notice of appeal from the court's grant of summary judgment and entry of final judgment dismissing his claims.  Filing the notice of appeal from the judgment deprived this court of jurisdiction.  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Visioneering Const*., 661 F.2d 119, 124 n.6 (9th Cir. 1981).

The court entered final judgment in December 2015.  Yazdchi filed his notice of appeal from that judgment on April 12, 2016.  He moved for reconsideration of the order on April 14, 2016.  Because he filed his notice of appeal before he moved for reconsideration and remand, this court's order granting his motion to reconsider and remanding was improper.[1]

Chase also argues that remand was improper because this court did have federal diversity

---

[1]

Chase also argues that Yazdchi's motion was untimely under 28 U.S.C. § 1447(c).  Because the court finds that it incorrectly remanded after Yazdchi filed his notice of appeal, this argument does not affect the outcome and need not be addressed.

jurisdiction over this case.  In Yazdchi's motion to remand and to reconsider the denial of that motion, he argued that this court lacked subject-matter jurisdiction because of a lack of diversity. (Docket Entries No. 41, 50).  Yazdchi based that argument on Ryan's presence in the case as a third-party defendant.  "Once federal subject matter jurisdiction is established over the underlying case between plaintiff and defendant, the jurisdictional propriety of each additional claim is to be assessed individually." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67 n.1 (1996).  "The fact that plaintiff and third-party defendant may be co-citizens is completely irrelevant.  Unless plaintiff chooses to amend his complaint to assert a claim against third-party defendant, plaintiff and third-party defendant are simply not adverse, and there need be no basis of jurisdiction between them." *Id.*

There was and is complete diversity between Yazdchi (Texas) and Chase (Ohio).  There is also complete diversity between Chase and Ryan (Texas).  Yazdchi did not assert  claims against Ryan.  (Docket Entry No. 1, Ex. B).  Although Yazdchi argues in his response that he planned to name Ryan as a defendant and amended his petition after remand to assert claims against Ryan, he did not assert those claims against Ryan until after this court had (correctly) granted Chase's summary judgment motion, dismissed Yazdchi's claims against Chase, and entered final judgment against him; (correctly) denied Yadzchi's motion to remand; and (incorrectly) granted Yadzchi's motion to reconsider the order denying remand.  The fact that Ryan and Yazdchi are not diverse did not destroy this court's subject-matter jurisdiction, including the jurisdiction to enter final judgment dismissing Yazdchi's claims against Chase.

## III.   Conclusion

Chase's motion to reconsider, (Docket Entry No. 55), is granted.  The court's order remanding this case to state court and vacating the judgment, (Docket Entry No. 53), is vacated and the final judgment dismissing Yazdchi's claims against Chase is reinstated.

SIGNED on August 2, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge